UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**SHACKNER LANZA**                                    **DOCKET NO. 5:16-CV-769; SEC. P**

**VERSUS**                                            **JUDGE HICKS**

**BAYOU DORCHEAT CORRECTIONAL**                       **MAGISTRATE JUDGE HAYES**
**CENTER, ET AL.**

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by pro se Plaintiff Shackner Lanza. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC), incarcerated at Richwood Correctional Center in Monroe, Louisiana. Plaintiff complains that his constitutional rights were violated while he was imprisoned at the Bayou Dorcheat Correctional Center in Minden, Louisiana.

On July 11, 2016, Plaintiff was ordered to amend his complaint within 30 days to provide additional factual information supporting his claim. (Doc. 8). Plaintiff has failed to comply with the Court's order.

**Law and Analysis**

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order. . . ." Fed. R. Civ. P. 41(b). A district court also has the inherent authority to dismiss an action *sua sponte,* with or without notice to the parties. See Rogers v. Kroger Co., 669 F.2d 317, 319 (5th Cir. 1982) (citing Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

To date, Plaintiff has failed to comply with the Court's order of July 11, 2016. The deadline within which to comply expired on August 8, 2016.

### Conclusion

Therefore**, IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 2nd day of September, 2016.

Karen L. Hayes
United States Magistrate Judge